**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**FREDERICK BANKS, #05711-068**                                           **PLAINTIFF**

**VERSUS**                  **CIVIL ACTION NO. 5:10-cv-53-KS-MTP**

**T. LANGFORD, et al.**                                **DEFENDANTS**

ORDER DENYING *IN FORMA PAUPERIS* STATUS
AND DISMISSING CASE

There came on for consideration of the Court in the captioned cause the Plaintiff's application to proceed *in forma pauperis* in this civil action. On April 9, 2010, Plaintiff, an inmate of the Federal Bureau of Prisons, currently incarcerated at the FCC-Yazoo, Yazoo City, Mississippi, filed this complaint against T. Langford, Unknown Caplan, Unknown Dawson, Bruce Pearson, Barack Obama, Eric Holder, Bennie Thompson, Thad Cochran, Roger Wicker, Harley Lappin, Joe Biden and the Federal Bureau of Prisons. Plaintiff asserts various claims regarding the conditions of his confinement at the FCC-Yazoo. Plaintiff is seeking a declaratory judgment and injunctive relief.

The Court finds that during Plaintiff's incarceration, he has brought at least three civil actions or appeals under § 1915 which have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Plaintiff's *in forma pauperis* application in this civil action will therefore be denied pursuant to 28 U.S.C. § 1915(g).

DISCUSSION

The Prison Litigation Reform Act provides, among other things, that a prisoner's privilege to proceed *in forma pauperis* is revoked if they have, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a

claim. 28 U.S.C. § 1915(g).[1] The Court must consider all actions which were dismissed as frivolous, malicious or which failed to state a claim, whether dismissed before or after enactment of the PLRA. *Adepegba v. Hammons,* 103 F.3d 383, 386 (5th Cir. 1996)(counting as a "strike" a district court's dismissal, prior to enactment of the PLRA, of a frivolous § 1983 claim). Additionally, the "three strikes" provision applies to cases pending prior to the enactment of the PLRA.

> Although section 1915(g) attaches consequences to past actions, we find that these consequences are matters of procedure. Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his or her access to the courts. A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures. . . Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee. This requirement is neither novel or penal. It does not increase a prisoner's liability, but merely puts prisoners who abuse a privilege on the same footing as everyone else.

*Id.* at 386-87.

Plaintiff Banks has, on not less than three occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[2] 28 U.S.C. § 1915(g). Therefore, denial

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[2] In *Banks v. Hayward, et al.*, No. 06-509 (W.D. PA. May 30, 2006), Plaintiff's claim was dismissed for failure to state a claim.
 In *Banks v. Hayward, et al.*, No. 06-1572 (W.D. PA. Jan. 10, 2007), Plaintiff's claim was dismissed as frivolous and/or for failure to state a claim.
 In *Banks v. Dove, et al.*, No. 06-2289 (M.D. PA. Jan. 16, 2007), Plaintiff's claim was dismissed as frivolous.
 In *Banks v. Pittsburgh Tribune Review, et al.*, No. 07-336 (W.D. PA. May 4, 2007), Plaintiff's claim was dismissed for failure to state a claim.

of Plaintiff's i.f.p. privilege is appropriate.

Title 28 U.S.C. § 1915(g) provides an exception to the "three-strikes provision." In order to meet the exception of 28 U.S.C. § 1915(g), which would allow the Plaintiff to proceed as a pauper in this action, he must be in "imminent danger of serious physical injury." Addressing the exception provision of § 1915 (g), the United States Court of Appeals for the Fifth Circuit held that

> [t]he plain language of the statute leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.

*Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Clearly, the danger must exist at the time the complaint is filed. *Id*. "Further, [b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) (*citing Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001)).

Although Plaintiff has not asserted that his claims meet the exception provision, the Court will "examine whether the complaint fairly 'alleges imminent danger of serious physical injury.'" *Bell v. Livingston*, No. 08-20354, 2009 WL 4884980, at *2 (5th Cir. Dec. 17, 2009) (*citing Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004)). After such examination of the pleadings and review of the applicable case law, the Court finds Plaintiff's allegations insufficient to meet the threshold requirement of imminent danger of serious physical injury. *See Smith v. Blount*, 258 Fed. App'x 630 (5th Cir. 2007) (conclusional allegations insufficient to

show inmate was under imminent danger of serious physical injury); *Basey v. Mooneyham*, 172 Fed. App'x 582, 583-84 (5th Cir. 2006) (inmate arguments that his "life endangerment" request was ignored and he was denied a transfer to a different housing facility does not allege "facts showing that he was under threat of serious bodily injury" at the time he filed his notice of appeal); *Kelly v. Johnson*, No. 99-40581, 1999 WL 1328122, at *1 (5th Cir. Dec. 14, 1999) ("Kelly alleges that he is being tortured and is currently suffering serious physical and emotional/psychological injuries due to his placement in administrative segregation. However, Kelly has not alleged facts which indicate that he is in imminent danger of serious physical injury."); *Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998) (body cavity searches conducted in alleged retaliation failed to establish imminent danger of serious physical injury). Consequently, the Plaintiff will not be able to proceed with this action under the exception provision of § 1915(g). *Id.; see also Choyce v. Domiguez*, 160 F.3d 1068 (5th Cir.1998).

Since Plaintiff is being denied permission to proceed as a pauper and the Court has not received payment of the filing fee for this civil action, this case will be dismissed. Accordingly,

IT IS THEREFORE ORDERED AND ADJUDGED, that Plaintiff's motion to proceed *in forma pauperis* in this cause is **denied** pursuant to 28 U.S.C. § 1915(g) and this case is hereby **dismissed**.

IT IS FURTHER ORDERED AND ADJUDGED that the Clerk of Court is directed to re-open this civil action if the full filing fee of $350.00 is paid within thirty days from the entry of this Order.

IT IS FURTHER ORDERED AND ADJUDGED that since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of

Plaintiff's claims, the Court's Order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Order of dismissal will be entered.

SO ORDERED, this the 26th day of April, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE